## Andújar et al. *v.* Alonso.

Apelación procedente de la Corte de Distrito de San Juan.

No. 658.—Resuelto en abril 4, 1911.

Apelación—Desestimación—Notificación de la Apelación.—La sucesión apelante en este caso no ha figurado formalmente como parte en el pleito ante la corte inferior, ni aparece que haya notificado a la parte contraria el escrito de apelación, por todo lo cual procede que se desestime dicha apelación.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Francisco de la Torre.*

Abogado de las apeladas: *Sres. Herminio Díaz y Cay. Coll Cuchí.*

El Juez Asociado Sr. Wolf emitió la opinión del tribunal.

Este es un recurso de apelación, interpuesto contra una orden dictada después de la sentencia. José Alonso González fué demandado en una acción reivindicatoria; y en 14 de septiembre de 1908, la Corte de Distrito de San Juan, dictó sentencia a su favor. En 19 de diciembre de 1910, el apelante presentó una moción, suplicando al tribunal que se procediera a la ejecución de la sentencia, y que se ordenara la cancelación de la inscripción hecha a favor de las apeladas, en el registro de la propiedad. El tribunal denegó la moción por el motivo de que la sentencia no ordenaba tal cancelación.

La sentencia es general en su forma, y simplemente falla contra las demandantes. No hay nada que demuestre los motivos, por los cuales el tribunal llegara a su conclusión. Los apelantes alegan ser la sucesión de José Alonso González y afirman que la defensa en este pleito se fundaba en el hecho de que la inscripción se hizo primero a favor de José Alonso González; pero el tribunal hubiera podido llegar a su resolución por cualquier otro motivo, como por ejemplo, la falta de prueba. Pudo haber habido algún motivo, por el que no debía cancelarse la inscripción. Sin entrar en la consideración de los derechos de las apeladas, que pudieran haberse

originado en el transcurso de dos años, después de dictada la sentencia, o si fué necesario que el primitivo demandado presentara en el pleito una reconvención, o contra-petición, entendemos que las apeladas eran claramente partes interesadas y contrarias. Y siendo partes contrarias, tenían derecho a la notificación de este recurso de apelación; pues el procedimiento no debe ser considerado como un simple procedimiento ex parte.

No aparece que se haya hecho tal notificación, y debe desestimarse el recurso de apelación. También tendría que desestimarse la apelación, por no haberse hecho nunca gestión alguna para que figurasen formalmente los apelantes, como partes, en el tribunal inferior.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados, MacLeary y del Toro.

El Juez Asociado Sr. Aldrey, no intervino en la resolución de este caso.